IN RE APPLICATION OF FERD W. KOPF ET AL.
FERD W. KOPF ET AL., APPELLEES, V. PUBLIC TELEPHONE COMPANY, APPELLANT, NORTHWESTERN BELL TELEPHONE COMPANY, INTERVENER-APPELLANT.
112 N. W. 2d 521

Filed January 5, 1962. No. 35048.

*O'Hanlon & O'Hanlon* and *Edward Sklenicka,* for appellants.

*Smith Brothers,* for appellees.

*Bert L. Overcash,* for amicus curiae Nebraska Telephone Assn.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an appeal from the findings and final order of the Nebraska State Railway Commission, which will be hereinafter referred to as the commission, wherein one Ferd W. Kopf and 22 other named persons living in the vicinity of Eddyville, Cozad, and Oconto, Nebraska, in need of satisfactory telephone service, by application. and petition requested the commission to assign their area to the Northwestern Bell Telephone Company of Lexington, Nebraska. The petition is dated September 9, 1960, and is as follows: "We, the undersigned, in order to realize necessary and convenient telephone service in our community, request the State Railway Commission to assign our area. under service area of the Northwestern Bell Telephone Company of Lexington, Nebraska."

Notice of public hearing on the application and petition was given to all parties interested in the matter.

Another group of people in the same general area, seeking the same character of relief as the original petitioners, made application to intervene. The original petitioners and these will be referred to hereinafter as petitioners.

The transcript does not disclose that in response to notice any formal objections or pleadings were filed. A hearing was had however before an examiner of the

State Railway Commission. At that hearing the petitioners were represented by Elbert H. Smith; the Public Telephone Company, Blair, Nebraska, by Clark O'Hanlon; and the Northwestern Bell Telephone Company by Edward Sklenicka. In the proceedings the Northwestern Bell Telephone Company is referred to as an intervener in opposition to the petition.

At the hearing before the examiner evidence was adduced by all parties seeking to do so. At the conclusion of the hearing the examiner expressed an opinion to the commission that the petition should be denied.

Thereafter the commission, after consideration of the evidence taken before the examiner, rendered the following order in disposition of the petition: "IT IS THEREFORE ORDERED by the Nebraska State Railway Commission that Application No. 22415 be and it is hereby denied."

A motion for rehearing and for vacation of the order denying the petition was duly filed. A hearing was had thereon after which the motion for rehearing was denied. At that time the previous order denying the petition was vacated and set aside, and the petition was granted. The pertinent part of the order is as follows:

"IT IS FURTHER ORDERED that the order entered herein on November 23, 1960 be and the same is hereby vacated, set aside and held for naught.

"IT IS FURTHER ORDERED that applicants herein be and they are hereby permitted to obtain telephone service from any operating company of their choice operating within the area."

From the order and the accompanying findings of the commission the Public Telephone Company, Blair, Nebraska, without stating its capacity filed notice of appeal. The Northwestern Bell Telephone Company, with designation as intervener in opposition to the petition, also filed notice of appeal. Thus in this court the appellants are Public Telephone Company and North-

western Bell Telephone Company. The petitioners are appellees.

The assignments of error asserted by the appellants are numerous, but the one of primary, if not controlling, significance, as we interpret, flows from the context of No. 5. This assignment of error, not in specific terms, but in effect in the light of the record, challenges the right of the commission to assume and exercise jurisdiction over the petitioners and the subject matter of the petition, and to make the findings and render the order in controversy.

This will become apparent with a factual declaration of the status of the petitioners and the relief they seek from the commission.

As has already been indicated there are two groups of petitioners who have joined in a single purpose. One group, according to the description contained in the application, is made up of about 25 families who have had little or no telephone service from share-owned companies of Eddyville, Cozad, and Oconto, Nebraska. The application is by people resident in or in the vicinity of Buffalo precinct.

The other group, consisting of 10 people, are residents of an area south and west of Oconto, in Custer County, Nebraska, and north of Lexington, Nebraska. These parties were without telephone service. They previously had telephone service, believed to have been operated by Pleasant Valley Telephone Company and owned by Public Telephone Company, Blair, Nebraska.

The relief requested by the petition of the original applicants and joined in by the interveners has already been set out herein.

By evidence and from the briefs it appears that appellant Public Telephone Company is a common carrier and operates an exchange at Oconto, and that all of the petitioners are in the service area which is claimed by this appellant except a few who are in the Cozad area. All of the petitioners, when they had been served,

were served by farm-owned switcher lines through exchanges and not directly by any organized or established telephone company.

Also by evidence and from the briefs it is made clear that no part of the areas included in the petitions is within the service area or territory of the Northwestern Bell Telephone Company.

. On these facts the parties are in accord that the petitioners are in no legal sense a common carrier or common carriers and are not under the control of the Nebraska State Railway Commission. This accord is sustained by the decisions of this court. See, State v. Southern Elkhorn Telephone Co., 106 Neb. 342, 183 N. W. 562; City of Bayard v. North Central Gas Co., 164 Neb. 819, 83 N. W. 2d 861.

A necessary corollary to this proposition is that groups in the situation of the petitioners are, in the absence of appropriate statutory provision, without right to obtain recourse at the hands of the commission. Attention has not been directed to any statute which awards any such right.

It is of course true, and no one disputes this, that the parties within the territorial boundaries of the established service area of a telephone company, within the true meaning of that term, have access to the commission.

The next subject which requires examination is that of whether or not the Northwestern Bell Telephone Company may be required to respond to the petition and extend the service requested by the petitioners, which company does not furnish any service in the area; does not claim any rights therein; and does not seek, but on the contrary objects, to furnishing any such service. On the record and in actuality the sole and declared purpose of this action is to obtain from the commission an order placing the territory occupied by the petitioners within the service area of the Northwestern Bell Telephone Company.

No statute has been referred to which imposes any such requirement. Any effort of a telephone company to enter the territory of another is subject to action of the commission but the matter of compulsory entrance into occupied or unoccupied territory does not appear to have received legislative attention.

It is of course true that the commission has control of such companies within certain statutory limits co-extensive with established areas and in case of disputes as to service between companies operating within established areas, but there is no statutory provision which permits extension of areas or creation of new areas without the consent of the company. See, § 86-213, R. R. S. 1943; §§ 86-214 and 86-215, R. S. Supp., 1959; Block v. Lincoln Tel. & Tel. Co., 170 Neb. 531, 103 N. W. 2d 312.

These statutory provisions permit the extension of service by one company into the service area of another but they do not permit the commission to require such extension.

The petitioners, in their brief, appear to concede that the commission may not so require. They state: "The law appears to be that a public utility can be required to serve only the territory it holds itself out to serve, but the question is moot in this case as neither the Railway Commission nor anyone else is trying to force any telephone company to serve this territory."

This concession, whether or not it relates to a question which is moot, together with what has been said with reference to the cited statutes, the true status of the petitioners as the record discloses it to be, and the matters actually presented to the commission, makes clear the conclusion which must be reached. That conclusion must be based upon the following summary of the record:

The petitioners filed what was denominated application in which complaint was made with regard to telephone service.

They requested that the Nebraska State Railway Commission assign their area to the service area of the Northwestern Bell Telephone Company of Lexington, Nebraska.

They petitioned for nothing else.

They had no standing under law as a common carrier and the commission had no jurisdiction over them.

Due notice of hearing was given by the commission.

No formal protest or objection was filed by anyone.

A hearing was had before an examiner at which evidence was taken.

By evidence the Public Telephone Company, Blair, Nebraska, and the Northwestern Bell Telephone Company protested the petition. Neither sought affirmative relief at the hands of the commission.

After conclusion of the hearing the examiner gave it as his opinion that the petition should be denied.

Thereafter the petition was denied by the commission.

A motion for rehearing was filed by the petitioners which was later overruled, at which time the commission vacated its order denying the petition, and entered in its stead the following:

"IT IS FURTHER ORDERED that applicants herein be and they are hereby permitted to obtain telephone service from any operating company of their choice operating within the area."

Whether or not the commission meant by this to say that the petitioners or some of them were entitled to choose and to receive service from the Northwestern Bell Telephone Company, and that this company in such event would be required to render it, is not made clear. If it did it was an emptiness insofar as the petition is concerned. No one else was in this proceeding seeking relief at the hands of the commission.

Further, if it did, it was void as to the Northwestern Bell Telephone Company for the reason that the commission was without power to compel the extension of service by the company to the petitioners.

By all of this it is made clear that on one side was a group of individuals who, under the facts and circumstances disclosed by the record, were not subject to the power or jurisdiction of the commission. On the other side was a telephone company operating properly as a common carrier within a service area which was not occupied by any of the petitioners. The commission was without power or jurisdiction, as is disclosed also by the facts and circumstances, to require the company to enter the area of the petitioners which area was in its entirety outside the service area of the company.

In the light of this the commission was without legal right to grant the relief prayed for in the petition. The original order denying the petition was proper and the order vacating it was erroneous, and accordingly should be and is reversed.

REVERSED.