IN RE APPLICATION OF ALVIN BUHR, AYRE, NEBRASKA.
ALVIN BUHR, APPELLEE, V. THE GLENWOOD TELEPHONE
MEMBERSHIP CORPORATION, APPELLANT.

128 N. W. 2d. 607

Filed May 22, 1964. No. 35641.

Madgett, Hunter & Cambridge, for appellant.

Conway & Irons, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from an order founded on a letter from Alvin Buhr to the Nebraska State Railway Commission requesting that he be permitted to receive telephone service from the Lincoln Telephone & Telegraph Company even though he resides in the certificated service area of the Glenwood Telephone Membership Corporation. The commission entered an order authorizing Buhr to receive telephone service from the Lincoln Telephone & Telegraph Company and further ordered the Lincoln Telephone & Telegraph Company and the Glenwood Telephone Membership Corporation to file revised service maps effecting a change of boundaries consistent with the commission's order. The Glenwood Telephone Membership Corporation has appealed.

For convenience we shall refer to the Nebraska State Railway Commission as the commission, the Lincoln Telephone & Telegraph Company as Lincoln Telephone, the Glenwood Telephone Membership Corporation as Glenwood Telephone, and Alvin Buhr as Buhr.

The evidence shows that Glenwood Telephone in 1957 purchased the Lawrence Telephone Company, the Kearney County Independent Telephone Company, and the Glenwood Telephone Company. The commission ap-

proved the foregoing sale and granted a certificate of convenience and necessity to it to serve the area then being served by the selling corporations, subject to certain boundary revisions which had been agreed upon by Lincoln Telephone, Glenwood Telephone, and the Northwestern Bell Telephone Company. On or about August 18, 1958, Glenwood Telephone procured the loan of $1,035,000 from the Rural Electrification Administration of the United States for the purpose of modernization and rehabilitation of the properties purchased from the selling companies. Glenwood Telephone reconstructed its service lines and facilities and installed automatic dial service with fully selective ringing facilities.

The evidence shows that Buhr resides within the certificated area of Glenwood Telephone. His residence is 342 feet from the boundary between Glenwood Telephone's and Lincoln Telephone's certificated areas. It is approximately ¼ mile from Buhr's residence to the nearest Lincoln Telephone service line and approximately 1½ miles to Glenwood Telephone's nearest service line. Buhr has been a tenant on the land he occupies for 17 years. A telephone has never been installed on the farm occupied by Buhr. Buhr desires Lincoln Telephone service because it serves the area where his children go to school and where he conducts most of his business. He desires to escape long distance toll charges which would be charged if he is required to accept Glenwood Telephone service.

Glenwood Telephone shows that Buhr had never requested telephone service from it. Its manager testified that service can and will be provided without any construction cost being charged.

It is the contention of Glenwood Telephone that the commission is without authority to permit Buhr to connect up with Lincoln Telephone except in the manner provided by section 86-213, R. S. Supp., 1961, which provides: "No person, firm, partnership, corporation, cooperative, or association shall offer telephone service or

shall construct a new telephone line in or extend an existing telephone line into the territory of another telephone company without first making an application for and receiving from the State Railway Commission a certificate of convenience and necessity, after ·due notice and hearing under the rules and regulations of the commission. Before granting a certificate of convenience and necessity, the commission must find that (1) the territory in which the applicant proposes to offer telephone service is not receiving reasonably adequate telephone service, (2) that the portion of the territory of another telephone company in which or into which the applicant proposes to construct new lines or extend its existing lines is not and will not within a reasonable time receive reasonably adequate telephone service from the telephone company already serving the territory, or (3) the application is agreeable to the subscriber or subscribers and to both telephone companies involved in the matter, will not create a duplication of facilities, and is in the interest of the public and the party or parties requiring telephone service."

Glenwood Telephone further asserts that it needs all the customers within its certificated area and, if it agrees to the transfer of one it would be morally obligated to agree to all applicants for transfer, and that such a loss of customers could react unfavorably upon the rights of the Rural Electrification Administration as the mortgagee of Glenwood Telephone facilities.

We point out that under the quoted statute the grant of a certificate of convenience and necessity to permit one telephone company to invade the certificated area of another may be granted only upon the application of the invading company for a certificate of convenience and necessity. In the instant case the commission purported to grant such a certificate upon a letter from Buhr, requesting permission to obtain service from Lincoln Telephone. Section 86-213, R. S. Supp., 1961, does not authorize the grant of a certificate of convenience and

necessity upon the application of a user. Glenwood Telephone filed a responsive pleading and insisted upon the commission's lack of authority. The proper applicant under the statute is Lincoln Telephone, which was not even a party to the proceeding although one of its officers testified that it would furnish the service to Buhr if ordered to do so by the commission.

The decision is controlled by our holding in Kopf v. Public Telephone Co., 173 Neb. 96, 112 N. W. 2d 521, wherein we said: "On the record and in actuality the sole and declared purpose of this action is to obtain from the commission an order placing the territory occupied by the petitioners within the service area of the Northwestern Bell Telephone Company. * * * No statute has been referred to which imposes any such requirement. Any effort of a telephone company to enter the territory of another is subject to action of the commission but the matter of compulsory entrance into occupied or unoccupied territory does not appear to have received legislative attention. * * * By all of this it is made clear that on one side was a group of individuals who, under the facts and circumstances disclosed by the record, were not subject to the power or jurisdiction of the commission. On the other side was a telephone company operating properly as a common carrier within a service area which was not occupied by any of the petitioners. The commission was without power or jurisdiction, as is disclosed also by the facts and circumstances, to require the company to enter the area of the petitioners which area was in its entirety outside the service area of the company."

Under section 86-213, R. S. Supp., 1961, the only way that a telephone company may properly invade the certificated area of another is by its filing of an application for a certificate of convenience and necessity, and establishing a right thereto in conformity with the provisions of the act. Such an invasion by a telephone company of the certificated area of another may not be granted on request of a user who prefers the service of the in-

vading company. This is made abundantly clear by our holding in the Kopf case.

We hold that the commission was without authority in law to entertain an application by Buhr for the grant of a certificate of convenience and necessity to Lincoln Telephone. Any such authority to grant a certificate of convenience and necessity to invade the certificated area of another telephone company must be on the application of the invading company for a certificate of convenience and necessity in accordance with section 86-213, R. S. Supp., 1961. Since the action of the commission was in violation of the foregoing statute, its order is void and of no effect. The order of the commission permitting Buhr to obtain telephone service from Lincoln Telephone is reversed.

REVERSED.